

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DIAMOND HEAD MUSIC, INC.,

               Plaintiff,

     v.

TOYOTA MOTOR SALES U.S.A., INC.,

               Defendant.
-------------------------------------------------------X

CIVIL ACTION NO.

09 CIV. 01024 (DAB)
ECF Case

AUG 1 4 2009

### STIPULATED PROTECTIVE ORDER

       Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that discovery in this action will involve the disclosure of confidential information, it is hereby stipulated by and between the Parties through their respective counsel and ordered that this Protective Order be entered to give effect to the terms and conditions set forth below:

       1.    As used herein, the term "Party" means plaintiff Diamond Head Music, Inc. and defendant Toyota Motor Sales U.S.A., Inc.

       2.    "Designating Party" means any Party or any non-party producing documents or information under this Protective Order; "Receiving Party" means any Party or any non-party receiving documents or information under this Protective Order.

       3.    "Protected Information" includes the following categories of information, and shall include documents produced during discovery, discovery responses (including without limitation answers to interrogatories, responses to requests for admissions), testimony, depositions, hearing or trial transcripts, and tangible things, the information contained therein and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information.

KLJ 2732007.1

A. **"CONFIDENTIAL"** designates information that a Designating Party in good faith believes to be of a confidential business or technical nature and not readily available to competitors, potential competitors, and/or other third parties.

B. **"HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY"** designates information that the Designating Party in good faith believes contains sensitive information of a business or technical nature that should not be disclosed to business persons of a Party. Such information may fall into one or more of the following categories:

   i. business plans;
   ii. source code;
   iii. product development;
   iv. business development;
   v. trade secrets;
   vi. competitive market analyses;
   vii. customer lists;
   viii. internal financial/accounting information;
   ix. agreements with sales representatives;
   x. prices charged to customers;
   xi. business relationships with third parties.

Information falling within these categories may not, solely by virtue of that fact, be appropriately designated "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY."

C. Protected Information shall not include: (i) information that is in the public domain at the time of disclosure; (ii) information that after disclosure is published or becomes part of the public domain through no fault or action (in whole or in part) of a Party receiving information under this Protective Order, but only after it is published or comes into the public domain; (iii) information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure; or (iv) information disclosed by a third party having the legal right to do so.

4.      This Protective Order shall apply to all Protected Information exchanged by any Party or non-party, including, but not limited to, documents, things, other discovery materials, depositions, testimony, or other papers produced, filed, generated, or served by a Party in this action.

5.      This Protective Order shall apply to all manner and means of discovery, including without limitation oral testimony, entry on to land or premises, production and/or inspection of books, records, documents and tangible things, and interrogatory responses.

6.      In the event that any other parties are added or substituted or in the event that any non-party is called upon to produce information, either voluntarily or by subpoena, this Protective Order will be binding on and inure to the benefit of such new parties and non-parties, subject to the right of such new parties and non-parties to apply to the Court for relief from or modification of any of its provisions. Information produced by any non-party shall be treated by the Parties in the same manner as information produced by a Party.

7.      All Protected Information produced and designated as confidential hereunder shall have stamped or affixed thereon the appropriate confidentiality classification — either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" at the time such materials, or copies thereof, are delivered to the Receiving Party, or within ten (10) days thereafter in the event such labeling or marking is inadvertently or unintentionally omitted. Until ten (10) days have elapsed after receipt, the reviewing Party will treat documents and things that have been received and that have not been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" as if they had been designated with the "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" classification.   The

KL3 2732907.1

Parties will use due care to designate as Protected Information only documents or other materials that truly encompass such information.

8. In the case of information stored on electronic media, the items produced shall be clearly marked or stamped on the media if possible. If it is not feasible to so stamp such electronic media, such records may be produced in a sealed envelope or other suitable enclosure that is appropriately marked.

9. Protected Information that has been classified as "CONFIDENTIAL" shall be held in confidence by those persons and entities inspecting or receiving it, shall be used solely for purposes of this action, and not for any other purpose including, without limitation, any business, competitive or governmental purpose or function, or other litigation, and may be disclosed only to the following:

A. outside counsel for the Receiving Party and their clerical and paralegal staffs and litigation support providers (for example, outside copy services, coding and imaging vendors, graphic art and visual aid providers, or jury consultants) whose duties and responsibilities require access to Protected Information;

B. inside legal counsel for each Party and their clerical and paralegal staff, provided that the inside legal counsel are directly involved in supporting the litigation;

C. experts and consultants who are not present employees of a Party, or of any predecessor, parent, or related company of a Party (and the secretarial and clerical staffs of such experts and consultants) who are requested by counsel of the Receiving Party to furnish technical, legal, or expert services in connection with this action;

4

D.  court reporters, videographers, translators and other such persons involved in taking or recording testimony involving Protected Information and necessary stenographic and clerical personnel thereof;

E.  any other person to whom the Parties agree in writing or as allowed by the Court; and

F.  one senior management level business person for each Party and for ATTIK, A Division of Dentsu America, Inc., identified in writing in advance to the other Party.

10. Protected Information that has been classified as "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be held in confidence by those persons and entities inspecting or receiving it, shall be used solely for purposes of this action, and not for any other purpose including, without limitation, any business, competitive or governmental purpose or function, or other litigation, and may be disclosed only to those persons identified in subparts A, C, D, and E of paragraph 9 above.

11. No Protected Information shall be provided to any person covered by subpart E of paragraph 9 until each such person has been provided with a copy of this Protective Order, reviewed it, and signed the Consent attached hereto as Exhibit A.

12. No Protected Information shall be provided to any person covered by subpart C of paragraph 9 above until ten (10) days after the following have been provided to the Designating Party: (a) such person is identified in writing; (b) a *curriculum vitae* setting out past and present employment and any consulting arrangements and/or funded research with any Party; and (c) a signed Consent in the form of Exhibit A hereto. If, within ten (10) days of receipt of written notice and a *curriculum vitae*, a Party objects in writing to such expert or consultant having access to any Protected Information, the expert or consultant shall be barred

5

from such access until the Parties are able to reach an agreement to resolve the issue or upon further order of the Court. If the objection is not resolved within ten (10) days of service of the written objection, the Party seeking to prevent disclosure may file a motion within fourteen (14) days after service of the notice of objection, to be heard on the earliest date available, with respect to such objection. Failure to file such a motion within the prescribed period shall preclude a Party from objecting to the disclosure of Protected Information to the person to whom the objection is directed. The disclosure of Protected Information to such proposed person shall be withheld pending the ruling of the Court on any such timely-filed motion or the failure of the Party seeking to prohibit disclosure to file a timely motion. On any such motion, the Party seeking to prevent disclosure to a person proposed for approval shall have the burden of proof.

13. Any materials or portion thereof marked as Protected Information shall be kept confidential and no use whatsoever shall be made of any such material or the contents thereof, by or on behalf of the Receiving Party, including counsel, experts, consultants, or any other persons specified in paragraph 9, except for purposes of this action, and any appeal resulting therefrom.

14. <u>Designations of Discovery:</u>

A. Depositions or portions thereof may be designated as Protected Information in accordance with this Order: (a) in the course of the deposition, orally on the record, or (b) by notifying the other Parties in writing, within thirty (30) days of receipt of the deposition transcript by the Parties, of the pages and lines of the transcript that contain the Protected Information.

    i. All depositions shall presumptively be treated as Protected Information marked with the "HIGHLY CONFIDENTIAL:

      ATTORNEYS' EYES ONLY" designation in accordance with the definition above and subject to this Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by the Parties. Exhibits to the transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition or other proceeding.

  ii. Counsel of record for the Designating Party may also request that all persons other than the individuals specified in paragraph 10 of this Protective Order, as appropriate, leave the deposition room during the portion of the deposition in which Protective Information is disclosed. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel of record to advise the witness not to answer the question.

 B. Answers to interrogatories and requests for admission may also be designated confidential by marking the documents in a manner described in paragraph 7 of this Order.

 C. Notwithstanding paragraph 9 above, any person giving testimony in this action, such as a deposition witness, trial witness, or potential witness, may be shown by an attorney a specific item of "Protected Information" of the producing Party if such person is a signatory, author, addressee or recipient of a copy of the designated document prior to its

production in this action or is a Fed.R.Civ.P. 30(b)(6) designee of the organization or entity that is the signatory, author, addressee or recipient of the document prior to its production.

D. Nothing herein shall restrict the use by a Party of its own Protected Information. Under no circumstances, however, shall the use of such designated Protected Information by such producing Party during a deposition, hearing or trial constitute a waiver of the designated status of the Protected Information.

15. It is expressly contemplated and agreed that the terms of this Order are applicable to Protected Information submitted and/or produced by a non-party in connection with this action, and that the Parties will treat all Protected Information of a non-party in accordance with the terms of this Order.

16. Inadvertent or unintentional disclosure of Protected Information without identifying the same as Protected Information shall not be deemed a waiver of confidentiality with regard to similar or related information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently or unintentionally disclosed if, upon discovery, it is promptly called to the attention of counsel for the Receiving Party, and such Receiving Party shall thereafter treat the inadvertently or unintentionally disclosed information as Protected Information.

17. No Protected Information shall be filed in the public record of this action. Until further Order of the Court, the Clerk of the Court shall maintain under seal all deposition transcripts, exhibits, answers to interrogatories, and other documents that have previously been designated by a Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY." The Parties agree that they will disclose or include information designated as Protected Information in documents submitted to the Court only when necessary, and agree,

8

where possible, to designate only the confidential portions of filings with the Court to be filed under seal. To facilitate compliance with this Order with the Clerk's office, Protected Information shall be contained in a sealed envelope or other appropriate sealed enclosure bearing the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," or the like. In addition, the enclosure shall bear the title and docket number of this action, a concise, non-disclosing inventory of its contents, and a statement to the effect that the container is filed under the terms of this Protective Order and shall not be opened nor the contents thereof displayed or revealed except by order or under direction of the Court.

18. If the Receiving Party disagrees with the confidential status of any document or other material, or if the Receiving Party disagrees with the level of confidentiality classification, the Receiving Party will notify and confer with the Designating Party to request reclassification of the document or material. If no agreement has been reached within ten (10) days of such notification or a later date if agreed to in writing by the Parties, the Receiving Party may thereafter make a request of the Court for an order reclassifying the confidentiality designation and/or removing such document or other material from the restrictions of this Order. If such a request is made, the Party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Order apply to such Protected Information.

19. Privileged Information:

A. Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity. Documents and all other communications embodying information protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity dated or originating on or after February 13, 2008 (the date on which this matter was first brought to the attention of defendant or ATTIK, A Division of Dentsu America, Inc. by Plaintiff's representative) need not be identified on a privilege log in this action unless ordered by the Court to be so identified.

B. In the event any Party or non-party claims that it has inadvertently or unintentionally disclosed information subject to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, such disclosure shall not constitute a waiver in whole or in part of the applicable privilege, doctrine, or immunity if the producing Party or non-party provides written notice of the inadvertent or unintentional disclosure promptly upon discovery of the inadvertent or unintentional disclosure. All rights to seek the return of or destruction of all such information and anything relating to such information (including without limitation notes of work product relating thereto), and to preclude the further use or disclosure thereof are specifically reserved. Immediately upon receiving such notice of inadvertent/unintentional disclosure, each Party who received the inadvertently/unintentionally-disclosed privileged information shall return or destroy all copies of any documents and things that the disclosing Party or non-party claims it inadvertently or unintentionally disclosed, and until any issue of how to treat such information is resolved (for example, by Court order or

agreement of the Parties), such information shall be treated as though it is subject to the claimed privilege or immunity, and shall not be further used or disseminated by the Receiving Party.

C. The Parties shall not seek and need not produce drafts of expert reports, or experts' notes, or documents relating to communications between experts and counsel (except for any documents "considered by the witness in forming the opinions" as required by Fed.R.Civ.P. 26(a)(2)(B)), and such materials and communications will not be subject or topic of any deposition or trial questions (except to the extent that the expert directly relied upon information from counsel in his/her expert report).

20. If Protected Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing Party or non-party, make every reasonable effort to obtain the return of the disclosed Protected Information and prevent further disclosure of it by the person who was the recipient of such information.

21. Unless otherwise agreed or ordered by the Court, within thirty (30) days of the termination of this action, including any and all appeals therefrom, attorneys for the Receiving Party shall destroy all Protected Information received from the other Parties or non-parties to this action or third parties hereunder, and provide the other Parties with written verification of such destruction. Notwithstanding this provision, outside counsel for each Party may maintain for archival purposes one copy of all pleadings, transcripts, exhibits and written discovery responses, including portions designated under this Protective Order. Prompt written notice shall be given to a Party who produced Protected Information hereunder if that Party's

11

Protected Information is sought by any person not a Party to this action, by subpoena in another action, or by service with any legal process. Any person seeking such Protected Information who takes action to enforce such subpoena or other legal process shall be apprised of this Order.

22. This Order may be changed only by the written agreement of the Parties or further order of the Court, and is without prejudice to the rights of a Party to seek relief from or variation of any of its provisions.

23. Subject to paragraphs 21 and 22 above, the remaining provisions of this Order, including the obligations to maintain confidentiality embodied herein, shall survive the final disposition of this action and continue in full force and effect.

24. Nothing in this Protective Order shall bar counsel from rendering advice to their client(s) with respect to this action, and in the course thereof, relying upon any Protected Information, provided counsel does not disclose such Protected Information in a manner not specifically authorized under this Protective Order.

25. In the event a Receiving Party is compelled by court order or order of a governmental agency of competent authority to disclose any Protected Information of a Designating Party, the Receiving Party will immediately notify the Designating Party in writing prior to making any such disclosure in order to facilitate the Designating Party seeking an appropriate remedy from the proper authority. The Receiving Party further agrees that if the Designating Party is not successful in precluding the requesting body from requiring the disclosure of Protected Information, it will disclose only that portion of such Protected Information called for by such requesting body.

KLJ 2732007 1

CINQUE & CINQUE, P. C.

By: *[signature]*
James P. Cinque (JPC-3673)
Attorneys for Plaintiff
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Telefax: (212) 759-7737
E-mail: CINQUE845@aol.com

Dated: *August 11*, 2009


KRAMER LEVIN NAFTALIS &
FRANKEL LLP

By: *[signature]*
Randy Lipsitz (RL-1526)
Carole E. Klinger (CK-7827)
Heather J. Chase (HC-6756)
Attorneys for Defendant
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Telefax: (212) 715-8000
E-mail: rlipsitz@kramerlevin.com
cklinger@kramerlevin.com
hchase@kramerlevin.com

Dated: *August 13*, 2009


DATED:   NEW YORK, NEW YORK
         *August 26*, 2009

SO ORDERED:

*[signature]*
DEBORAH A. BATTS, U.S.D.J.

KL3 2732007 1

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
DIAMOND HEAD MUSIC, INC.,          :
                                   : CIVIL ACTION NO.:
              Plaintiff, :
                                   : 09 CIV. 01024 (DAB)
       v.                         : ECF Case
                                   :
TOYOTA MOTOR SALES U.S.A., INC.,   :
                                   :
              Defendant. :
                                   :
                                   :
---------------------------------------------------------X

### CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

    I, the undersigned, hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER ("Protective Order") in this action, understand its terms and agree to be bound by them, and voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of the enforcement of the terms and conditions of this Protective Order. I acknowledge that I will treat all information I receive in this action, including without limitation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," strictly in accordance with the terms and conditions of this Protective Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

DATED: _____          _____
                                                  Signature

Address:                                _____
                                                  Print Name

KL3 2732007.1